ELECTRONICALLY FILED
COURT OF COMMON PLEAS
Thursday, May 26, 2011 9:07:39 AM
CASE NUMBER: 2011 CV 03788 Docket ID: 16159377
GREGORY A BRUSH
CLERK OF COURTS MONTGOMERY COUNTY OHIO



## IN THE COMMON PLEAS COURT OF MONTGOMERY COUNTY, OHIO

| | |
|---|---|
| Latasha Burge<br>307 Michael Avenue<br>Apartment 6<br>Dayton, OH 45417<br><br>Plaintiff,<br><br>vs.<br><br>Toyota Motor Corporation<br>1 Toyota – Cho<br>Toyota City<br>Aichi Prefecture<br>Japan 471-8571<br><br>Toyota Motor Sales USA, Inc.<br>19001 S. Western Avenue<br>Torrance, CA 90501<br><br>Toyota Motor Engineering and<br>    Manufacturing<br>North America, Inc.<br>25 Atlantic Avenue<br>Erlanger, KY 41018<br><br>Toyota Motor North America, Inc.<br>19001 South Western Avenue<br>Torrance, California 90501<br><br>Toyota Motor Manufacturing,<br>California, Inc.<br>19001 S. Western Avenue<br>Torrance, CA 90501 | ) Case No.:<br>)<br>) Judge<br>)<br>)<br>) **COMPLAINT WITH JURY**<br>) **DEMAND**<br>) **ENDORSED HEREON**<br>)<br>) Michael J. Zychowicz (0029630)<br>) Borgstahl & Zychowicz, Ltd.<br>) 6591 W. Central Avenue<br>) Suite 201<br>) Toledo, OH 43617<br>) Telephone: (419) 842-1166<br>) Facsimile: (419) 842-0303<br>) Attorney for Plaintiffs<br>)<br>)<br>)<br>)<br>) |

CTS Corporation
905 West Boulevard North
Elkhart, Indiana 46514

Doe Corporations 1 through 10, inclusive

Hertz Global Holdings, Inc.
225 Brae Boulevard
Park Ridge, NJ 07656-0713

      Defendants.

---

      Plaintiff, for her cause of action against Defendants, alleges and states as follows:

    1.    On or about June 5, 2009, Plaintiff Latasha Burge was a resident of Dayton, Montgomery County, Ohio. At the aforesaid time and place, Plaintiff was injured during a vehicular accident while driving a 2008 Toyota Camry (VIN #4T1BE46K58U756966).

    2.    At all times relevant herein, Toyota Motor Sales USA, Inc. (hereinafter "TMS"), was and is a California corporation existing under and by virtue of the laws of incorporation of the State of California, and a foreign corporation doing business in Ohio.

    3.    At all times relevant herein, Toyota Motor Engineering and Manufacturing North America, Inc. (hereinafter "Toyota North America"), was and is a Kentucky corporation and a foreign corporation doing business in Ohio.

    4.    At all times relevant herein, Toyota Motor North America, Inc., was and is a California Corporation and a foreign corporation doing business in Ohio.

    5.    At all times relevant herein, Toyota Motor Manufacturing California, Inc., was and is a California corporation and foreign corporation doing business in Ohio.

6. Upon information and belief, each Toyota entity named above is a wholly owned subsidiary of the Japanese Corporation, Toyota Motor Corporation (hereinafter "TMC"). At all times herein, Defendants Toyota Motor North America, Inc., Toyota Motor Engineering & Manufacturing of North America, Toyota Motor Manufactuing, California, Inc., Toyota Motor Sales, Inc., Toyoto Motor Corporation, Toyota Motor North America, and Toyota Motor Coropration and DOES 1 through 10 inclusive, designed, developed, manufactured, fabricated, assembled, equipped, tested or failed to test, inspected or failed to inspect, repaird, retrofit or failed to retrofit, failed to recall, laveled, advertised, promosed, markted, supplied, distributed, wholesaled, and sold Toyota vehicles, including the vehicle operated by Plaintiff.

7. At all times relevant herein, CTS Corporation was and is an Indiana corporation, with its principal place of business located at Elkhart, Indiana and a foreign corporation doing business in Ohio. Plaintiff alleges that CTS Corporation and DOES 1 through 10, inclusive, designed and manufactured accelerator pedals for the Toyota entities.

8. At all times relevant herein, Defendants and each of them, were acting as agents and employees of each of the other Defendants, and were acting within the scope, purpose, and authority of that agency and employment and with full knowledge, permission, and consent of each of the other Defendants.

9. Plaintiff is ignorant of the true and correct names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their ture names and capacities when ascertained. Plaintiffs are informed and believe and

thereon allege that each of the fictitiously named Defendants is a company that placed a defective product into the stream of commerce, and/or is an agent, employee, joint venturer, or affiliate of the other Defendants, and is responsible for the unlawful conduct herein alleged, and that said Defendants proximately caused the harm alleged herein.

10. At all times relevant herein, Hertz Global Holdings, Inc. (hereinafter "Hertz"), is and was a Delaware Corporation and is a foreign corporation doing business in Ohio.

## COUNT ONE

### Products Liability/Failure to Warn)

11. At the aforesaid time and place, and for sometime prior thereto, TMC, TMS, TMMCA, and Toyota North America, were engaged in the business of designing, manufacturing, distributing, marketing, selling and/or leasing Toyota Camrys throughout the United States, including the State of Ohio, for use by the general public. During that period of time, the Defendants, for valuable consideration, designed, manufactured, distributed, marketed, and/or sold the 2008 Toyota Camry which injured the Plaintiff. At the time the Plaintiff was injured the 2008 Toyota Camry was being used in a manner that was foreseeable, but said vehicle was defective and unreasonably dangerous to the human body. The defective condition of the Toyota Camry was known to the Defendants, but they failed to properly and/of adequately warn consumers of the risks/hazards associated with the use of its product.

12. The defective condition of the 2008 Toyota Camry caused the vehicle to suddenly and unexpectedly accelerate as the driver was traveling down the interstate. The vehicle continued to accelerate despite applying the brakes, including the emergency

brake, and attempting to slow the vehicle and proximately caused Latasha Burge's injuries and renders said Defendants liable to Plaintiff pursuant to Ohio's product liability law.

13. At the time of the incident made the basis of this suit, the subject vehicle was unreasonably dangerous and/or defective in its design, manufacture, marketing, distribution and warnings. As a proximate result of the defective and/or unreasonably dangerous condition of the subject vehicle, the Plaintiff Latasha Burge, suffered severe injuries described herein.

14. As a proximate result of the defective and/or unreasonably dangerous condition of the subject vehicle, the Plaintiff, Latasha Burge suffered serious and permanent injuries which will affect her the rest of her life, including but not limited to multiple contusions and abrasions and an open fracture of the right talus and she is unable to perform normal daily activities; she has undergone and will continue to undergo medical and other treatment for her condition; Ms. Burge has incurred and will continue to incur medical expenses related to her injury. She has been permanently disfigured and disabled. She has suffered and will continue to suffer in the future severe pain and mental anguish and she has lost enjoyment of life; and has otherwise been injured and damaged.

WHEREFORE, Plaintiff demands judgment against each of the Defendants, for compensatory and punitive damages in an amount in excess of $25,000, to be assessed by a jury together with interest from the date of the filing of this Complaint and the costs of this proceeding.

**COUNT TWO**

**(Breach of Warranty)**

15. The Plaintiff hereby adopts by reference each and every allegation in paragraphs one (1) through eight (8) as if fully set out herein.

16. The Defendants impliedly warranted that the Toyota Camry and/or its component parts involved in the occurrence made the basis of this Complaint were reasonably fit and suitable for the purposes for which it was intended to be used. The Plaintiff claims that the Defendants breached said implied warranties of merchantability in that said 2008 Toyota Camry and/or its component parts were not reasonably fit and suitable for the purposes for which they were intended to be used, but to the contrary, said 2008 Toyota Camry and/or its component parts, particularly the fuel and throttle components of the vehicle, were unmerchantable and not of commercially appropriate quality. The Plaintiff further claims that as a proximate result of the aforesaid breach of warranty by said Defendants, Plaintiff, Latasha Burge, was caused injuries as described herein.

17. As a proximate result of the defective and/or unreasonably dangerous condition of the subject vehicle, the Plaintiff, Latasha Burge, suffered serious and permanent injuries which will affect her for the rest of her life, including but not limited to, multiple contusion and abrasions and an open fracture of her right talus and she is unable to perform normal daily activities; she has undergone and will continue to undergo medical and other treatment for her condition; Ms. Burge has incurred and will continue to incur medical expenses relating to her injury. She has been permanently disfigured and disabled. She has suffered and will continue to suffer in the future severe

pain and mental anguish and she has lost enjoyment of life; and she has otherwise been injured and damaged.

WHEREFORE, Plaintiff demands judgment against each of the Defendants, for compensatory and punitive damages in an amount in excess of $25,000, to be assessed by a jury with interest from the date of the filing of this Complaint and the costs of this proceeding.

## COUNT THREE

### (Negligence and Wantonness)

18. The plaintiff hereby adopts by reference each and every allegation of paragraphs one (1) through twelve (12) as if fully set out herein.

19. At the aforesaid time and place, and for some time prior thereto, the Defendants undertook a duty to design, manufacture, distribute and/or sell the 2008 Toyota Camry and/or its component parts in a reasonably safe condition for its intended use by the Plaintiff, Latasha Burge and the general public. The defendants negligently, willfully and/or wantonly designed, manufactured, sold, tested, repaired, warned and/or performed maintenance on the subject vehicle, as well as the Toyota Camry product line, in that the Camry was defective and unreasonably dangerous when used as intended despite Defendant's knowledge that the Camry was defective and unreasonable dangerous.

20. The defective condition of the Camry and/or its component parts was a proximate cause of the injuries of Plaintiff, Latasha Burge, and renders said Defendants liable to the Plaintiffs.

21.     As a proximate result of the aforesaid wrongful, negligent, willful and/or wanton conduct of the Defendants, the Plaintiff, Latasha Burge, suffered serious and permanent injuries which will affect her for the rest of her life, including but not limited to, multiple contusion and abrasions and an open fracture of her right talus and she is unable to perform normal daily activities; she has undergone and will continue to undergo medical and other treatment for her condition; Ms. Burge has incurred and will continue to incur medical expenses relating to her injury.  She has been permanently disfigured and disabled.  She has suffered and will continue to suffer in the future severe pain and mental anguish and she has lost enjoyment of life; and she has otherwise been injured and damaged.

WHEREFORE, Plaintiff demands judgment against each of the Defendants, for compensatory and punitive damages in an amount in excess of $25,000, to be assessed by a jury with interest from the date of the filing of this Complaint and the costs of this proceeding.

## COUNT FOUR

### (Deceit)

22.     The Plaintiff hereby adopts by reference each and every allegation of paragraphs one (1) through sixteen (16) as if fully set out herein.

23.     The Defendants negligently, willfully, wantonly and/or intentionally deceived the general public, including the Plaintiff, regarding the safety and/or crashworthiness of the 2008 Toyota Camry.  Defendants represented that the 2008 Toyota Camry was reasonably safe for its intended use, or when subjected to foreseeable events.

24.     Further, the Defendants suppressed the dangerous characteristics of the 2008 Toyota Camry's fuel and throttle system.  The failure of the Defendants to disclose the lack of safety of the Camry's fuel and throttle system and the likelihood of severe injury or death when involved in a collision misled the general public and the Plaintiff to lease and use the 2008 Toyota Camry to her detriment.

25.     As a proximate result of the Defendants' deceit and suppression of facts, the Plaintiff, Latasha Burge, suffered serious and permanent injuries which will affect her for the rest of her life, including but not limited to, multiple contusion and abrasions and an open fracture of her right talus and she is unable to perform normal daily activities; she has undergone and will continue to undergo medical and other treatment for her condition; Ms. Burge has incurred and will continue to incur medical expenses relating to her injury.  She has been permanently disfigured and disabled.  She has suffered and will continue to suffer in the future severe pain and mental anguish and she has lost enjoyment of life; and she has otherwise been injured and damaged.

WHEREFORE, Plaintiff demands judgment against each of the Defendants, for compensatory and punitive damages in an amount in excess of $25,000, to be assessed by a jury with interest from the date of the filing of this Complaint and the costs of this proceeding.

## COUNT FIVE

### (Negligence and Wantonness - Hertz)

21.     The Plaintiff hereby adopts by reference each and every allegation of paragraphs one (1) through twenty (20) as if fully set out herein.

22. HERTZ, by and through its agents, employees or representatives, was then and there guilty of carelessly and negligently renting, caring, maintaining, and servicing the above-described Camry.

23. HERTZ, by and through its agents, employees or representatives, was then and there guilty of carelessly and negligently failed to institute and enforce a policy for review of the automobiles that it rents, including the aforestated Camry, to insure that the vehicles are rented with adequate safeguards and controls or that such vehicles, including the Camry at issue, is safe to entrust to its customers.

24. HERTZ, by and through its agents, employees or representatives, was then and there guilty of carelessly and negligently making the vehicle available for rent knowing, or in a situation where it should have known, of problems with the Camry at issue or the Toyota recall or future, intended recall.

25. HERTZ, by and through its agents, employees or representatives, was then and there careless and negligent in the rental, care, maintenance and service of the above-described Camry.

26. As a proximate result of the Defendant, Hertz' negligent and wanton conduct the Plaintiff, Latasha Burge, suffered serious and permanent injuries which will affect her for the rest of her life, including but not limited to, multiple contusion and abrasions and an open fracture of her right talus and she is unable to perform normal daily activities; she has undergone and will continue to undergo medical and other treatment for her condition; Ms. Burge has incurred and will continue to incur medical expenses relating to her injury. She has been permanently disfigured and disabled. She

has suffered and will continue to suffer in the future severe pain and mental anguish and she has lost enjoyment of life; and she has otherwise been injured and damaged.

WHEREFORE, Plaintiff demands judgment against each of the Defendants, for compensatory and punitive damages in an amount in excess of $25,000, to be assessed by a jury with interest from the date of the filing of this Complaint and the costs of this proceeding.

## COUNT SIX

### (Spoliation of Evidence – Hertz)

27. Plaintiff incorporates paragraphs one (1) through twenty-six (26) as if fully rewritten herein.

28. Hertz willfully destroyed evidence related to the plaintiff's injuries and the 2008 Toyota Camry (VIN: 4TBE46K58U756966) that she had rented from Defendant and been driving at the time of the accident.

29. Hertz's willful destruction of evidence was intended to disrupt Plaintiff's case and to make it more difficult for Plaintiff to obtain evidence.

30. Hertz's conduct has disrupted and impaired Plaintiff's ability to prosecute this action.

31. Hertz's conduct has proximately caused Plaintiff damages.

32. Hertz's willful destruction of evidence has made it more difficult for Plaintiff to prove the elements of its causes of action against Hertz and other defendants – causes of action that rely heavily on inspection and testing of the automobile and its acceleration system that failed causing Plaintiff's injuries.

33. Hertz's willful destruction of evidence has caused Plaintiff delay and additional expense in prosecuting its case against Hertz and the other Defendants named in the Complaint.

34. Hertz's willful destruction of evidence has forever eliminated evidence that may have been helpful to Plaintiff's case against Hertz and the other defendants.

WHEREFORE, Plaintiff demands judgment against each of the Defendants, for compensatory and punitive damages in an amount in excess of $25,000, to be assessed by a jury with interest from the date of the filing of this Complaint and the costs of this proceeding.

Respectfully submitted,

_____
Michael J. Zychowicz (0029630)
Attorney for Plaintiff

### JURY DEMAND

Plaintiff hereby demands a jury trial on all triable issues.

_____
Michael J. Zychowicz (0029630)
Attorney for Plaintiff

### PRAECIPE FOR SERVICE

Please proceed with service upon the defendants by certified mail:

Toyota Motor Corporation
1 Toyota – Cho
Toyota City
Aichi Prefecture
Japan  471-8571

Toyota Motor Sales USA, Inc.
19001 S. Western Avenue

Torrance, CA 90501

Toyota Motor Engineering and
    Manufacturing
North America, Inc.
25 Atlantic Avenue
Erlanger, KY 41018

Toyota Motor North America, Inc.
19001 South Western Avenue
Torrance, California 90501

Toyota Motor Manufacturing, California, Inc.
19001 S. Western Avenue
Torrance, CA 90501

CTS Corporation
905 West Boulevard North
Elkhart, Indiana 46514

Hertz Global Holdings, Inc.
225 Brae Boulevard
Park Ridge, NJ 07656-0713

                                            _____
                                           Michael J. Zychowicz