J. RANDOLPH BIBB, JR. (TN SBN 09350)
E-mail: rbibb@lewisking.com
LEWIS, KING, KRIEG & WALDROP, P.C.
424 Church Street, Suite 2500
P.O. Box 198615
Nashville, Tennessee 37219
Telephone: (615) 259-1366
Fax: (615) 259-1389

*Counsel for CTS Corporation*

IN THE UNITED STATES DISTRICT COURT FOR THE

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION, AT SANTA ANA

| | |
|---|---|
| In Re: Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litigation<br><br>This document relates to:<br><br>SACV11-01000-JVS (FMOx) | Case No. 8:10-ML-020151 JVS (FMOx)<br><br>Assigned to: Hon. James V. Selna<br>Discovery: Mag. Fernando M. Olguin<br><br>ANSWER OF DEFENDANT CTS CORPORATION TO PLAINTIFF'S COMPLAINT |

COMES Defendant CTS CORPORATION ("CTS") pursuant to Rule 12 of the Federal Rules of Civil Procedure, and for Answer to the Complaint filed against it in this matter (the "Complaint") states as follows:

1. CTS lacks knowledge or information sufficient to form a belief about the truth of the matters alleged in paragraph 1 of the Complaint.

2. CTS admits, on present information and belief, that Toyota Motor Sales, U.S.A., Inc. ("TMS") is incorporated under the laws of the State of California and that it is registered to do business in Ohio.

3. CTS admits, on present information and belief, that Toyota Motor Engineering & Manufacturing North America, Inc. ("TEMA") is incorporated under the laws of the

Commonwealth of Kentucky and denies the remaining matters alleged in paragraph 4 of the Complaint.

4.  CTS admits, on present information and belief, that Toyota Motor North America, Inc. ("TMA") is incorporated under the laws of the State of California and denies the remaining matters alleged in paragraph 4 of the Complaint.

5.  CTS admits, on present information and belief, that Toyota Motor Manufacturing California, Inc. ("TMMCA") is incorporated under the laws of the State of California and denies the remaining matters alleged in paragraph 5 of the Complaint.

6.  CTS lacks knowledge or information sufficient to form a belief about the truth of the matters alleged in paragraph 6 of the Complaint.

7.  CTS admits that it is a corporation incorporated under the laws of the State of Indiana with its principal place of business in Elkhart, Indiana and that CTS began sometime during calendar year 2004 to manufacture accelerator pedal assemblies for certain 2005 model year Toyota Avalon vehicles; that it manufactured certain pedal assemblies for some—but not all—2007-2010 model year Camry vehicles and alleges that other companies also supplied accelerator pedal assemblies for 2007-2010 model year Camry vehicles.  CTS denies all other matters alleged in paragraph 7 of the Complaint.

8.  CTS denies the matters alleged in paragraph 8 of the Complaint.

9.  CTS lacks knowledge or information sufficient to form a belief about the truth of the matters alleged in paragraph 9 of the Complaint.

10.  CTS admits, on present information and belief, that Hertz Global Holdings, Inc. is incorporated under the laws of the State of Delaware and denies the remaining matters alleged in paragraph 10 of the Complaint.

## COUNT ONE

### (Products Liability / Failure to Warn)

11.     CTS lacks knowledge or information sufficient to form a belief about the truth of the matters alleged in paragraph 11 of the Complaint related to TMC, TMS, TMMCA, TMA and TEMA's role in the design, manufacture and distribution of the 2008 Toyota Camry or Plaintiff's use of the 2008 Toyota Camry.  CTS denies the remaining matters alleged in paragraph 11 of the Complaint including any allegation that the 2008 Toyota Camry was defective as alleged or unreasonably dangerous.

12.     CTS denies the matters alleged in paragraph 12 of the Complaint including any implication that Ohio law governs Plaintiff's claims.

13.     CTS denies the matters alleged in paragraph 13 of the Complaint.

14.     CTS denies the matters alleged in paragraph 14 of the Complaint and, although not set forth in a separately-numbered paragraph, also denies Plaintiff's prayer for judgment on Count One.

## COUNT TWO

### (Breach of Warranty)

15.     CTS incorporates by reference all its responses to paragraphs 1-14 as if fully restated in response to paragraph 15 of the Complaint.

16.     CTS denies the matters alleged in paragraph 16 of the Complaint.

17.     CTS denies the matters alleged in paragraph 17 of the Complaint and, although not set forth in a separately-numbered paragraph, also denies Plaintiff's prayer for judgment on Count Two.

## COUNT THREE

### (Negligence and Wantonness)

18.     CTS incorporates by reference all its responses to paragraphs 1-17 as if fully restated in response to paragraph 18 of the Complaint.

19. CTS denies the matters alleged in paragraph 19 of the Complaint.

20. CTS denies the matters alleged in paragraph 20 of the Complaint.

21. CTS denies the matters alleged in paragraph 21 of the Complaint and, although not set forth in a separately-numbered paragraph, also denies Plaintiff's prayer for judgment on Count Three.

## COUNT FOUR

### (Deceit)

22. CTS incorporates by reference all its responses to paragraphs 1-21 as if fully restated in response to paragraph 22 of the Complaint.

23. CTS denies the matters alleged in paragraph 23 of the Complaint.

24. CTS denies the matters alleged in paragraph 24 of the Complaint.

25. CTS denies the matters alleged in paragraph 25 of the Complaint and, although not set forth in a separately-numbered paragraph, also denies Plaintiff's prayer for judgment on Count Four.

## COUNT FIVE

### (Negligence and Wantonness – Hertz)

26. CTS incorporates by reference all its responses to paragraphs 1-25 as if fully restated in response to the first paragraph of Count Five, incorrectly numbered as paragraph 21 of the Complaint.

27. The matters alleged in the second paragraph of Count Five, incorrectly numbered as paragraph 22 of the Complaint, are not directed to CTS and therefore call for no response from CTS.

28. The matters alleged in the third paragraph of Count Five, incorrectly numbered as paragraph 23 of the Complaint, are not directed to CTS and therefore call for no response from CTS.

29. The matters alleged in the fourth paragraph of Count Five, incorrectly numbered as paragraph 24 of the Complaint, are not directed to CTS and therefore call for no response from CTS.

1   30.     The matters alleged in the fifth paragraph of Count Five, incorrectly numbered as paragraph 25 of the Complaint, are not directed to CTS and therefore call for no response from CTS.

31.     The matters alleged in paragraph 26 of the Complaint are not directed to CTS and therefore call for no response from CTS.  While not set out in a separately-numbered paragraph, the matters alleged in Plaintiff's prayer for judgment on Count Five are also not directed to CTS and therefore call for no response from CTS.

## COUNT SIX

### (Spoliation of Evidence – Hertz)

32.     CTS incorporates by reference all its responses to paragraphs 1-31 as if fully restated in response to paragraph 27 of the Complaint.

33.     The matters alleged in paragraph 28 of the Complaint are not directed to CTS and therefore call for no response from CTS.

34.     The matters alleged in paragraph 29 of the Complaint are not directed to CTS and therefore call for no response from CTS.

35.     The matters alleged in paragraph 30 of the Complaint are not directed to CTS and therefore call for no response from CTS.

36.     The matters alleged in paragraph 31 of the Complaint are not directed to CTS and therefore call for no response from CTS.

37.     The matters alleged in paragraph 32 of the Complaint are not directed to CTS and therefore call for no response from CTS.

38.     The matters alleged in paragraph 33 of the Complaint are not directed to CTS and therefore call for no response from CTS.

39.     The matters alleged in paragraph 34 of the Complaint are not directed to CTS and therefore call for no response from CTS.  While not set out in a separately-numbered paragraph, the matters alleged in Plaintiff's prayer for judgment on Count Six are also not directed to CTS and therefore call for no response from CTS.

ANSWER OF DEFENDANT CTS CORPORATION TO PLAINTIFF'S COMPLAINT

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1. Plaintiff's Complaint does not state a claim upon which relief may be granted because the 2008 Toyota Camry referred to in paragraph 1 of the Complaint was neither defective as alleged nor unreasonably dangerous.

### SECOND AFFIRMATIVE DEFENSE

### (Improper Venue)

2. CTS avers that the venue is improper in the Southern District of Ohio because the motor vehicle collision that is the subject of this lawsuit occurred in the Western District of Tennessee.

### THIRD AFFIRMATIVE DEFENSE

### (*Forum non Conveniens*)

3. CTS avers that trial of this matter would be seriously inconvenient in the Southern District of Ohio because the motor vehicle collision that is the subject of this lawsuit occurred in the Western District of Tennessee.

### FOURTH AFFIRMATIVE DEFENSE

### (No Personal Jurisdiction)

4. CTS avers that the Court does not have personal jurisdiction over it.

### FIFTH AFFIRMATIVE DEFENSE

### (Tennessee Products Liability Act of 1978)

5. CTS relies upon all applicable defenses afforded to it under the Tennessee Products Liability Act of 1978, Tenn. Code Ann. § 29-28-101, *et seq.*

### SIXTH AFFIRMATIVE DEFENSE

### (CTS not Manufacturer or Seller)

6. CTS avers that it manufactured component parts for some, but not all, Model Year 2008 Toyota Camrys. If investigation and discovery establish that CTS did not manufacture any component parts in the subject 2008 Toyota Camry, CTS avers that it is

neither the "manufacturer" nor the "seller" of the subject 2008 Toyota Camry as those terms are defined in the Tennessee Products Liability Act of 1978, Tenn. Code. Ann. § 29-28-102.  Therefore, Plaintiff may not maintain a product liability action against CTS.

## SEVENTH AFFIRMATIVE DEFENSE

### (Compliance with Government Standards)

7.   CTS asserts that the 2008 Toyota Camry described in the Complaint was designed, manufactured and assembled in accordance with all applicable federal and state governmental regulations and standards including, without limitation, the Federal Motor Vehicle Safety Standards, 49 C.F.R. Part 571.  CTS pleads and relies upon Tenn. Code Ann. § 29-28-104, which provides a rebuttable presumption that this vehicle was not unreasonably dangerous by virtue of its compliance with applicable federal and state governmental regulations and standards.

## EIGHTH AFFIRMATIVE DEFENSE

### (Compliance with State of the Art)

8.   CTS avers that when the 2008 Toyota Camry was designed, manufactured and sold, it conformed with the state of scientific and technical knowledge available to its manufacturer.  CTS relies upon the customary designs, standards, methods and techniques of manufacturing, testing, warning and inspecting used by other manufacturers of similar products.  CTS avers that the 2008 Toyota Camry referred to in the Complaint was reasonably safe and not defective as alleged, and CTS relies upon all defenses afforded to it under Tenn. Code Ann. § 29-28-105.

## NINTH AFFIRMATIVE DEFENSE

### (No Ad Damnum)

9.   CTS avers that Plaintiff has not stated a claim under the Tennessee Products Liability Act of 1978 because she has not stated an amount sought to be recovered from any defendant.

### TENTH AFFIRMATIVE DEFENSE

### (Statute of Limitation)

10. CTS pleads and relies upon all applicable statutes of limitation including, without limitation, Tenn. Code Ann. §§ 29-28-103 and 28-3-104.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Ohio Product Liability Act)

11. CTS specifically asserts each and every defense available under the Ohio Product Liability Act.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

11. CTS avers that the accident or incident that is the subject matter of the Complaint was caused or brought about by a person or persons (including Latasha Burge and known or unknown third parties, if proven applicable by investigation and discovery) other than CTS and over whom CTS had neither control nor the right to control, or resulted from some independent cause, phenomenon or misadventure beyond CTS' control and for which CTS is not liable.  CTS further asserts that Plaintiff is not entitled to recover damages as set forth in the Complaint because the fault attributable to Plaintiff is equal to, or greater than, the percentage of any alleged fault attributable to CTS, if proven applicable by investigation and discovery.  CTS therefore relies on the defenses of a lack of cause in fact, superseding intervening cause and comparative fault.

### TWELFTH AFFIRMATIVE DEFENSE

### (Non-Party Fault)

12. Plaintiff's claims are barred by the fault of one or more non-parties.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

13. Plaintiff's claims are barred, in whole or in part, by the doctrine of assumption of risk.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Alteration and Misuse)

14. CTS relies upon the defenses of misuse, alteration, change, improper maintenance, abnormal use and/or failure to follow proper instructions and warnings.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Release, Waiver and Estoppel)

15. CTS relies upon the doctrines of release, waiver and estoppel.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Spoliation)

16. To the extent proven applicable by investigation and discovery, CTS relies upon the doctrine of spoliation of evidence in the event that Plaintiff or any other party has failed to preserve the subject 2008 Toyota Camry and all of its component parts in its post-incident condition.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (Preemption)

17. Some or all of Plaintiff's claims may be barred as a result of the 2008 Toyota Camry's compliance with all applicable federal standards.

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (Failure to wear Seat Belt)

18. CTS pleads and relies upon all defenses afforded by Tenn. Code Ann. § 55-9-604. Also, if Plaintiff failed to wear her seat belt her damages, if any, may be reduced in

accordance with Ohio law.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Collateral Source)

19. If Plaintiff received or is entitled to receive benefits from certain collateral sources, CTS is entitled to a set-off.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Constitutional Limitation on Punitive Damages)

20. The imposition of punitive damages in this case would deprive CTS of its property without due process of law in violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution, Section 16 of the Ohio Constitution and Article I Section 17 of the Tennessee Constitution.

## RESERVATION OF DEFENSES AND OBJECTIONS

PLEASE TAKE NOTICE that CTS reserves the right to interpose such other defenses and/or objections as continuing investigation and discovery may disclose.

## PRAYER FOR RELIEF

WHEREFORE, CTS prays as follows:

(1) Plaintiff takes nothing by the Complaint;

(2) For judgment in favor of CTS;

(3) For an award of costs incurred by CTS in this action; and

(4) For such other and further relief as the Court deems proper.

## DEMAND FOR TRIAL BY JURY

PLEASE TAKE NOTICE that CTS demands a trial by jury on all issues.

Dated: August 16, 2011

                             Respectfully submitted,

                             By: s/ J. Randolph Bibb, Jr.

                             J. RANDOLPH BIBB, JR. (TN SBN 09350)
                             E-mail: rbibb@lewisking.com

ANSWER OF DEFENDANT CTS CORPORATION TO PLAINTIFF'S COMPLAINT

|   |   |
|---|---|
| 1 | LEWIS, KING, KRIEG & WALDROP, P.C. |
| 2 | 424 Church Street, Suite 2500 |
|   | P.O. Box 198615 |
| 3 | Nashville, Tennessee 37219 |
|   | Telephone: (615) 259-1366 |
| 4 | Facsimile: (615) 259-1389 |

*Counsel for CTS Corporation*

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of this Answer has been served upon all parties by electronic means via the Court's electronic filing system to:

| Michael J. Zychowicz | Dennis J. Mahoney |
|---|---|
| mzychowicz@buckeye-express.com | dmahoney@gravesandking.com |

This 16th day of August, 2011

/s/ J. Randolph Bibb, Jr.
J. Randolph Bibb, Jr.

ANSWER OF DEFENDANT CTS CORPORATION TO PLAINTIFF'S COMPLAINT