J. RANDOLPH BIBB, JR. (TN SBN 09350)
E-mail: rbibb@lewisking.com
LEWIS, KING, KRIEG & WALDROP, P.C.
424 Church Street, Suite 2500
P.O. Box 198615
Nashville, Tennessee 37219
Telephone: (615) 259-1366
Fax: (615) 259-1389

*Counsel for Toyota Motor Engineering &
Manufacturing North America, Inc.*

IN THE UNITED STATES DISTRICT COURT FOR THE

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION, AT SANTA ANA

| | |
|---|---|
| In Re: Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Products Liability Litigation | Case No. 8:10-ML-020151 JVS (FMOx) |
| This document relates to: | Assigned to: Hon. James V. Selna<br>Discovery: Mag. Fernando M. Olguin |
| SACV11-01000-JVS (FMOx) | ANSWER OF DEFENDANT TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC. TO PLAINTIFF'S COMPLAINT |

COMES Defendant TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC. ("TEMA") pursuant to Rule 12 of the Federal Rules of Civil Procedure, and for Answer to the Complaint filed against it in this matter (the "Complaint") states as follows:

1.      TEMA lacks knowledge or information sufficient to form a belief about the truth of the matters alleged in paragraph 1 of the Complaint.

2.      TEMA admits, on present information and belief, that Toyota Motor Sales, U.S.A., Inc. ("TMS") is incorporated under the laws of the State of California and that it is registered to do business in the State of Ohio.

3.      TEMA admits that it is incorporated under the laws of the Commonwealth of Kentucky and denies the remaining matters alleged in paragraph 3 of the Complaint.

4.      TEMA admits, on present information and belief, that Toyota Motor North America, Inc. ("TMA") is incorporated under the laws of the State of California and denies the remaining matters alleged in paragraph 4 of the Complaint.

5.      TEMA admits, on present information and belief, that Toyota Motor Manufacturing California, Inc. ("TMMCA") is incorporated under the laws of the State of California and denies the remaining matters alleged in paragraph 5 of the Complaint.

6.      On present information and belief, TEMA admits that TMMCA is a subsidiary of TABC Holdings, Inc.; admits that TABC Holdings, Inc. is a subsidiary of TEMA; admits that TMS and TEMA are subsidiaries of TMA; admits that TMA is a subsidiary of Toyota Motor Corporation ("TMC"); admits that TMC is incorporated under the laws of the nation of Japan; admits that TMC designs and develops certain Toyota, Lexus and Scion automobiles that TMS distributes in certain geographic regions of the continental United States; admits that TEMA conducts engineering design, development and testing for certain Toyota vehicles in North America; admits that, in the past, TMMCA performed assembly and some manufacturing services for certain Toyota vehicles manufactured by New United Motor Manufacturing, Inc. ("NUMMI"); admits that TMS distributed the subject 2008 Toyota Camry from its manufacturer to an independent Toyota dealership; admits that TMC designed the subject 2008 in part; and admits that TEMA designed the subject 2008 Toyota Camry in part.  However, TEMA denies that TMA or TMMCA had any role listed in paragraph 6 of the Complaint with respect to the subject 2008 Toyota Camry and denies all other matters alleged in paragraph 6 of the Complaint.

7.      TEMA admits, on present information and belief, that CTS Corporation is a corporation incorporated under the laws of the State of Indiana with its principal place of business in Elkhart, Indiana and further admits that CTS began sometime during calendar year 2004 to manufacture accelerator pedal assemblies for certain 2005 model year Toyota

ANSWER OF DEFENDANT TOYOTA MOTOR ENGINEERING & MANUFACUTRING NORTH AMERICA, INC. TO PLAINTIFF'S COMPLAINT

Avalon vehicles; that it manufactured certain pedal assemblies for some—but not all—2007-2010 model year Camry vehicles and alleges that other companies also supplied accelerator pedal assemblies for 2007-2010 model year Camry vehicles.  TEMA denies all other matters alleged in paragraph 7 of the Complaint.

8.     TEMA denies the matters alleged in paragraph 8 of the Complaint.

9.     TEMA lacks knowledge or information sufficient to form a belief about the truth of the matters alleged in paragraph 9 of the Complaint.

10.     TEMA admits, on present information and belief, that Hertz Global Holdings, Inc. is incorporated under the laws of the State of Delaware and denies the remaining matters alleged in paragraph 10 of the Complaint.

## COUNT ONE

### (Products Liability / Failure to Warn)

11.     TEMA admits, on present information and belief, that TMC designs and manufactures certain Toyota, Lexus, and Scion vehicles, which TMS imports and distributes in certain geographic areas of the continental United States; denies that TMS, TMA, TEMA, TMMCA, and/or TMC or their business activities collectively or jointly engaged in the matters alleged in paragraph 11 or can be referred to "collectively" for any purpose in the Complaint; TEMA denies that the subject vehicle is defective as alleged or unreasonably dangerous and denies liability for any matter alleged in paragraph 11 of the Complaint.

12.     TEMA denies the matters alleged in paragraph 12 of the Complaint including any implication that Ohio law governs Plaintiff's claims.

13.     TEMA denies the matters alleged in paragraph 13 of the Complaint.

ANSWER OF DEFENDANT TOYOTA MOTOR ENGINEERING & MANUFACUTRING NORTH AMERICA, INC. TO PLAINTIFF'S COMPLAINT

14.     TEMA denies the matters alleged in paragraph 14 of the Complaint and, although not set forth in a separately-numbered paragraph, also denies Plaintiff's prayer for judgment on Count One.

## COUNT TWO

### (Breach of Warranty)

15.     TEMA incorporates by reference all its responses to paragraphs 1-14 as if fully restated in response to paragraph 15 of the Complaint.

16.     TEMA denies the matters alleged in paragraph 16 of the Complaint.

17.     TEMA denies the matters alleged in paragraph 17 of the Complaint and, although not set forth in a separately-numbered paragraph, also denies Plaintiff's prayer for judgment on Count Two.

## COUNT THREE

### (Negligence and Wantonness)

18.     TEMA incorporates by reference all its responses to paragraphs 1-17 as if fully restated in response to paragraph 18 of the Complaint.

19.     TEMA denies the matters alleged in paragraph 19 of the Complaint.

20.     TEMA denies the matters alleged in paragraph 20 of the Complaint.

21.     TEMA denies the matters alleged in paragraph 21 of the Complaint and, although not set forth in a separately-numbered paragraph, also denies Plaintiff's prayer for judgment on Count Three.

## COUNT FOUR

### (Deceit)

22.     TEMA incorporates by reference all its responses to paragraphs 1-21 as if fully restated in response to paragraph 22 of the Complaint.

23.     TEMA denies the matters alleged in paragraph 23 of the Complaint.

24.     TEMA denies the matters alleged in paragraph 24 of the Complaint.

25.     TEMA denies the matters alleged in paragraph 25 of the Complaint and,

ANSWER OF DEFENDANT TOYOTA MOTOR ENGINEERING & MANUFACUTRING NORTH AMERICA, INC. TO PLAINTIFF'S COMPLAINT

1  although not set forth in a separately-numbered paragraph, also denies Plaintiff's prayer for

2  judgment on Count Four.

3  **COUNT FIVE**

4  **(Negligence and Wantonness – Hertz)**

5  26.    TEMA incorporates by reference all its responses to paragraphs 1-25 as if

6  fully restated in response to the first paragraph of Count Five, incorrectly numbered as

7  paragraph 21 of the Complaint.

8  27.    The matters alleged in the second paragraph of Count Five, incorrectly

9  numbered as paragraph 22 of the Complaint, are not directed to TEMA and therefore call

10  for no response from TEMA.

11  28.    The matters alleged in the third paragraph of Count Five, incorrectly

12  numbered as paragraph 23 of the Complaint, are not directed to TEMA and therefore call

13  for no response from TEMA.

14  29.    The matters alleged in the fourth paragraph of Count Five, incorrectly

15  numbered as paragraph 24 of the Complaint, are not directed to TEMA and therefore call

16  for no response from TEMA.

17  30.    The matters alleged in the fifth paragraph of Count Five, incorrectly numbered

18  as paragraph 25 of the Complaint, are not directed to TEMA and therefore call for no

19  response from TEMA.

20  31.    The matters alleged in paragraph 26 of the Complaint are not directed to

21  TEMA and therefore call for no response from TEMA.  While not set out in a separately-

22  numbered paragraph, the matters alleged in Plaintiff's prayer for judgment on Count Five

23  are also not directed to TEMA and therefore call for no response from TEMA.

24  **COUNT SIX**

25  **(Spoliation of Evidence – Hertz)**

26  32.    TEMA incorporates by reference all its responses to paragraphs 1-31 as if

27  fully restated in response to paragraph 27 of the Complaint.

28  33.    The matters alleged in paragraph 28 of the Complaint are not directed to

ANSWER OF DEFENDANT TOYOTA MOTOR ENGINEERING & MANUFACUTRING
NORTH AMERICA, INC. TO PLAINTIFF'S COMPLAINT

1    TEMA and therefore call for no response from TEMA.

2        34.    The matters alleged in paragraph 29 of the Complaint are not directed to

3    TEMA and therefore call for no response from TEMA.

4        35.    The matters alleged in paragraph 30 of the Complaint are not directed to

5    TEMA and therefore call for no response from TEMA.

6        36.    The matters alleged in paragraph 31 of the Complaint are not directed to

7    TEMA and therefore call for no response from TEMA.

8        37.    The matters alleged in paragraph 32 of the Complaint are not directed to

9    TEMA and therefore call for no response from TEMA.

10       38.    The matters alleged in paragraph 33 of the Complaint are not directed to

11   TEMA and therefore call for no response from TEMA.

12       39.    The matters alleged in paragraph 34 of the Complaint are not directed to

13   TEMA and therefore call for no response from TEMA.  While not set out in a separately-

14   numbered paragraph, the matters alleged in Plaintiff's prayer for judgment on Count Six are

15   also not directed to TEMA and therefore call for no response from TEMA.

16                              **<u>AFFIRMATIVE DEFENSES</u>**

17                           **FIRST AFFIRMATIVE DEFENSE**

18                              **(Failure to State a Claim)**

19       1.     Plaintiff's Complaint does not state a claim upon which relief may be granted

20   because the 2008 Toyota Camry referred to in paragraph 1 of the Complaint was neither

21   defective as alleged nor unreasonably dangerous.

22                           **SECOND AFFIRMATIVE DEFENSE**

23                              **(Improper Venue)**

24       2.     TEMA avers that the venue is improper in the Southern District of Ohio

25   because the motor vehicle collision that is the subject of this lawsuit occurred in the

26   Western District of Tennessee.

27

28

ANSWER OF DEFENDANT TOYOTA MOTOR ENGINEERING & MANUFACUTRING
NORTH AMERICA, INC. TO PLAINTIFF'S COMPLAINT

**THIRD AFFIRMATIVE DEFENSE**

(*Forum non Conveniens*)

3.      TEMA avers that trial of this matter would be seriously inconvenient in the Southern District of Ohio because the motor vehicle collision that is the subject of this lawsuit occurred in the Western District of Tennessee.

**FOURT AFFIRMATIVE DEFENSE**

(**Tennessee Products Liability Act of 1978**)

4.      TEMA relies upon all applicable defenses afforded to it under the Tennessee Products Liability Act of 1978, Tenn. Code Ann. § 29-28-101, *et seq.*

**FIFTH AFFIRMATIVE DEFENSE**

(**Compliance with Government Standards**)

5.      TEMA asserts that the 2008 Toyota Camry described in the Complaint was designed, manufactured and assembled in accordance with all applicable federal and state governmental regulations and standards including, without limitation, the Federal Motor Vehicle Safety Standards, 49 C.F.R. Part 571.  TEMA pleads and relies upon Tenn. Code Ann. § 29-28-104, which provides a rebuttable presumption that this vehicle was not unreasonably dangerous by virtue of its compliance with applicable federal and state governmental regulations and standards.

**SIXTH AFFIRMATIVE DEFENSE**

(**Compliance with State of the Art**)

6.      TEMA avers that when the 2008 Toyota Camry was designed, manufactured and sold, it conformed with the state of scientific and technical knowledge available to its manufacturer.   TEMA relies upon the customary designs, standards, methods and techniques of manufacturing, testing, warning and inspecting used by other manufacturers of similar products.  TEMA avers that the 2008 Toyota Camry referred to in the Complaint was reasonably safe and not defective as alleged, and TEMA relies upon all defenses afforded to it under Tenn. Code Ann. § 29-28-105.

ANSWER OF DEFENDANT TOYOTA MOTOR ENGINEERING & MANUFACUTRING NORTH AMERICA, INC. TO PLAINTIFF'S COMPLAINT

1

**SEVENTH AFFIRMATIVE DEFENSE**

2

**(No Ad Damnum)**

3      7.      TEMA avers that Plaintiff has not stated a claim under the Tennessee

4   Products Liability Act of 1978 because she has not stated an amount sought to be

5   recovered from any defendant.

6

**EIGHTH AFFIRMATIVE DEFENSE**

7

**(Statute of Limitation)**

8      8.      TEMA pleads and relies upon all applicable statutes of limitation including,

9   without limitation, Tenn. Code Ann. §§ 29-28-103 and 28-3-104.

10

**NINTH AFFIRMATIVE DEFENSE**

11

**(Ohio Product Liability Act)**

12      9.      TEMA specifically asserts each and every defense available under the Ohio

13   Product Liability Act.

14

**TENTH AFFIRMATIVE DEFENSE**

15

**(Comparative Fault)**

16      10.      TEMA avers that the accident or incident that is the subject matter of the

17   Complaint was caused or brought about by a person or persons (including Latasha Burge

18   and known or unknown third parties, if proven applicable by investigation and discovery)

19   other than TEMA and over whom TEMA had neither control nor the right to control, or

20   resulted from some independent cause, phenomenon or misadventure beyond TEMA's

21   control and for which TEMA is not liable.  TEMA further asserts that Plaintiff is not entitled

22

23   to recover damages as set forth in the Complaint because the fault attributable to Plaintiff is

24   equal to, or greater than, the percentage of any alleged fault attributable to TEMA, if proven

25   applicable by investigation and discovery.  TEMA therefore relies on the defenses of a lack

26   of cause in fact, superseding intervening cause and comparative fault.

27

28

-8-

ANSWER OF DEFENDANT TOYOTA MOTOR ENGINEERING & MANUFACUTRING
NORTH AMERICA, INC. TO PLAINTIFF'S COMPLAINT

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Non-Party Fault)**

11.    Plaintiff's claims are barred by the fault of one or more non-parties.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Assumption of Risk)**

12.    Plaintiff's claims are barred, in whole or in part, by the doctrine of assumption of risk.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Alteration and Misuse)**

13.    TEMA relies upon the defenses of misuse, alteration, change, improper maintenance, abnormal use and/or failure to follow proper instructions and warnings, if proven applicable by investigation and discovery.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Release, Waiver and Estoppel)**

14.    TEMA relies upon the doctrines of release, waiver and estoppel, if proven applicable by investigation and discovery.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Spoliation)**

15.    To the extent proven applicable by investigation and discovery. TEMA relies upon the doctrine of spoliation of evidence in the event that Plaintiff or any other party has failed to preserve the subject 2008 Toyota Camry and all of its component parts in its post-incident condition.

ANSWER OF DEFENDANT TOYOTA MOTOR ENGINEERING & MANUFACUTRING NORTH AMERICA, INC. TO PLAINTIFF'S COMPLAINT

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Preemption)**

16.     Some or all of Plaintiff's claims may be barred as a result of the 2008 Toyota Camry's compliance with all applicable federal standards.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Failure to wear Seat Belt)**

17.     TEMA pleads and relies upon all defenses afforded by Tenn. Code Ann. § 55-9-604.  Also, if Plaintiff failed to wear her seat belt her damages, if any, may be reduced in accordance with Ohio law.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Collateral Source)**

18.     If Plaintiff received or is entitled to receive benefits from certain collateral sources, TEMA is entitled to a set-off.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Constitutional Limitation on Punitive Damages)**

19.     The imposition of punitive damages in this case would deprive TEMA of its property without due process of law in violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution, Section 16 of the Ohio Constitution and Article I Section 17 of the Tennessee Constitution.

**RESERVATION OF DEFENSES AND OBJECTIONS**

PLEASE TAKE NOTICE that TEMA reserves the right to interpose such other defenses and/or objections as continuing investigation and discovery may disclose.

**PRAYER FOR RELIEF**

WHEREFORE, TEMA prays as follows:

(1)     Plaintiff takes nothing by the Complaint;

(2)     For judgment in favor of TEMA;

-10-

(3)     For an award of costs incurred by TEMA in this action; and

(4)     For such other and further relief as the Court deems proper.

### DEMAND FOR TRIAL BY JURY

PLEASE TAKE NOTICE that TEMA demands a trial by jury on all issues.

Dated: August 16, 2011

Respectfully submitted,

By:  s/ J. Randolph Bibb, Jr.

J. RANDOLPH BIBB, JR. (TN SBN 09350)
E-mail: rbibb@lewisking.com
LEWIS, KING, KRIEG & WALDROP, P.C.
 424 Church Street, Suite 2500
P.O. Box 198615
Nashville, Tennessee 37219
Telephone: (615) 259-1366
Facsimile: (615) 259-1389

*Counsel for Toyota Motor Engineering & Manufacturing North America, Inc.*

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of this Answer has been served upon all parties by electronic means via the Court's electronic filing system to:

Michael J. Zychowicz                Dennis J. Mahoney
mzychowicz@buckeye-express.com      dmahoney@gravesandking.com

This 16th day of August, 2011

/s/ J. Randolph Bibb, Jr.
J. Randolph Bibb, Jr.

ANSWER OF DEFENDANT TOYOTA MOTOR ENGINEERING & MANUFACUTRING NORTH AMERICA, INC. TO PLAINTIFF'S COMPLAINT